Henry G. CLARKE, Jr., and Janice Clarke, Plaintiffs and Appellants,

v.

AMERICAN CONCEPT INSURANCE COMPANY, Defendant and Respondent.

No. 870193–CA.

Court of Appeals of Utah.

July 27, 1988.

---

John Walsh (argued), Salt Lake City, for plaintiffs and appellants.

Jan P. Malmberg (argued), Christensen, Jensen and Powell, Salt Lake City, for defendant and respondent.

Before ORME, GARFF and BILLINGS, JJ.

## OPINION

ORME, Judge:

Plaintiffs appeal from the grant of summary judgment in favor of defendant, American Concept Insurance Company. Plaintiffs seek reversal of the judgment and remand for a trial on the merits. We affirm.

## FACTS

Plaintiffs entered into an automobile insurance contract with American Concept. The policy period extended from September 12, 1984, at 12:01 a.m. standard time, until September 12, 1985, at 12:01 a.m. standard time. The insurance contract included this provision:

> *Automatic Termination.* If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

The contract permitted the annual premium to be paid in installments. An installment was due on April 23, 1985. On April 20, plaintiff sent a check to American Concept which was received April 25. American Concept accepted the payment without a lapse in coverage and did not cancel the policy. On August 13, 1985, American Concept sent plaintiffs a renewal billing and notice of expiration of coverage, stating that coverage would be terminated on September 12, 1985, unless payment was made to American Concept prior to the due date. Plaintiffs deposited the premium payment in their own mailbox during the day on September 12. The payment was postmarked on September 13 and received by American Concept on September 16.

Plaintiffs were involved in an automobile accident on September 14. By letter dated September 16, American Concept returned plaintiffs' check for the renewal premium stating that the policy had expired on September 12 at 12:01 a.m. Upon learning of the accident, on September 17 American Concept sent a letter to plaintiffs denying coverage for the accident because the policy had expired on September 12.

Plaintiffs brought this action against American Concept alleging breach of contract, estoppel and waiver. In due course, the court granted American Concept's motion for summary judgment concluding, as a matter of law, that there was no insurance coverage available under the policy at the time of the accident.

On appeal, plaintiffs argue that the trial court erred in granting American Concept's motion for summary judgment because there were questions of fact as to whether the payment was timely and, even if the payment was not timely, as to whether American Concept had waived or was estopped from asserting its right to cancel the policy by its conduct in connection with the April premium installment.

## TIMELY PAYMENT

■ Where an insurance contract provides that premiums be paid by a certain time, payment is regarded as timely if it is *mailed* by the time specified, unless the contract clearly provides to the contrary. *See* 6 G. Couch, *Couch on Insurance* § 31:106 (2d ed. 1985). Where premiums are due on a specified day, and no particular hour is specified, the insured has the whole of such day, until midnight, within which to pay. *See id.* § 31:26.

■ The insurance contract in this case specified that the policy expired on September 12, 1985 at 12:01 a.m. Thus, for payment to be timely, it had to be mailed not later than September 11—or during the first sixty seconds of September 12. According to plaintiff Janice Clarke, the payment was simply put in plaintiffs' own personal mailbox at their residence at some point on September 12 and picked up by the postal service on September 13.[1] Even making the doubtful assumption that placing a payment in one's home mailbox is considered a mailing as of that time, payment was not timely in this case because the policy had expired by its own terms one minute into September 12, 1985. When plaintiffs placed the payment in their mail-

---

1. Plaintiffs' resistance to the motion for summary judgment was partly directed at showing the premium was mailed before the accident occurred. Janice Clarke's explanation was accordingly couched in terms of payment being "mailed" two days before the accident and being picked up from her mailbox one day before the accident. The September 13 postmark, September 14 accident date, and clarification offered at oral argument establish September 12 as the day when the premium payment was set out for pick-up by the postal service.

box, then, the policy had already expired. If a check is mailed after termination, the mailing is not effective as payment and the insurer may refuse to accept it. *Id.* § 31:109.

Plaintiffs argue that American Concept nonetheless waived or was estopped from asserting its right to refuse payment and deny coverage by its conduct in previously accepting a late payment and continuing coverage in that instance.

## WAIVER

Although often alleged interchangeably, waiver and estoppel are different doctrines. *E.g., Barnes v. Wood,* 750 P.2d 1226, 1230 (Utah Ct.App.1988). Waiver is "the intentional relinquishment of a known right." *Id. See B.R. Woodward Marketing, Inc. v. Collins Food Serv., Inc.,* 754 P.2d 99, 101 (Utah Ct.App.1988). To waive a right, there must be an existing right, benefit, or advantage; knowledge of its existence; and an intention to relinquish it. *Barnes v. Wood,* 750 P.2d at 1230. The party's actions or conduct must unequivocally evince an intent to waive or must at least be inconsistent with any other intent. *Id.*

■ Plaintiffs claim that American Concept waived its right to terminate the policy upon receipt of the late September payment because it previously accepted a late payment the prior April and nonetheless continued coverage. With respect to the April payment, it should be recalled that plaintiffs placed an installment payment due on April 23 in the mail on April 20, which was not received by American Concept until April 25. American Concept accepted the payment, did not return the check, and continued the policy without a lapse in coverage.

Plaintiffs suggest that American Concept's conduct in accepting the "late" April payment at least suggests a factual question concerning its intent to waive its right to refuse future late payments. This argument fails for at least two reasons. First, although the April payment was not received by the due date, the payment was at least *mailed* prior to the due date and thus was a timely payment under the general rule previously recognized in this opinion. By contrast, the September payment was not deposited in the mail until *after* the policy had expired and was not received until four days following expiration. It therefore was not, in any sense, a timely payment and nothing about the events of April evinces any intention on the part of American Concept not to insist on strict compliance with the policy's payment terms.

In addition, because plaintiffs' policy was for a one-year term, the installment payment due in April and the renewal payment due in September are on somewhat different legal footings. Even if the April payment had been made late, the insurance policy would not have automatically terminated. Late payment would only have resulted in a possible cancellation of the policy. In order for cancellation to be valid, defendant was statutorily required to give ten days notice, accompanied by the reason for the cancellation. Utah Code Ann. § 31–41–16 (1974) (repealed, 1985 Utah Laws ch. 242, § 58).[2]

By contrast, since September 12 at 12:01 a.m. marked the end of the one-year policy term, the policy would automatically terminate upon nonpayment of the renewal premium. Unlike in the case with cancellation for nonpayment, there was no statutory requirement for notice with respect to nonrenewal for nonpayment of premium. *See* Utah Code Ann. § 31–41–17 (1974) (repealed, 1985 Utah Laws ch. 242, § 58).

---

**2.** Utah Code Ann. § 31–41–15 provided that "[a] notice of cancellation of a policy shall be valid only if it is based on one or more of" several reasons, including "[n]onpayment of premium." Utah Code Ann. § 31–41–16 provided, with our emphasis, in relevant part:

(1) No notice of cancellation of a policy to which section 31–41–15 applies shall be valid unless mailed or delivered by the insurer to the named insured at least twenty days prior to the effective date of cancellation. *Where cancellation is for nonpayment of premium, at least ten days' notice of cancellation accompanied by the reason therefor must be given.* Equivalent provisions of the new insurance code are found in Utah Code Ann. § 31A–21–303 (1986).

Thus, American Concept's conduct with regard to the April installment payment, which involved different consequences for late payment, says nothing about its intent to waive strict compliance with the requirements of the contract involving automatic termination upon untimely payment of the premium to extend coverage for an additional year. As a matter of law, American Concept did not waive its right to refuse the late September renewal payment and deny coverage by its conduct in accepting the April installment payment.

### ESTOPPEL

We likewise find American Concept was not estopped from asserting its right to terminate coverage for lack of timely payment of the renewal premium. "The elements of estoppel are: 'conduct by one party which leads another party, in reliance thereon, to adopt a course of action resulting in detriment or damage if the first party is permitted to repudiate his conduct.'" *Scheller v. Dixie Six Corp.*, 753 P.2d 971, 973 (Utah Ct.App.1988) (quoting *Blackhurst v. Transamerica Ins. Co.*, 699 P.2d 688, 691 (Utah 1985)). American Concept's acceptance of the April payment cannot form the basis of an estoppel relative to the September premium for largely the same reasons just discussed. American Concept's acceptance of the April payment, mailed *prior* to the due date, is not conduct which could reasonably lead plaintiffs to believe that it would likewise accept a payment mailed *after* its due date. Moreover, American Concept's conduct with respect to an installment payment made midway through the policy term would not reasonably lead plaintiffs to rely on the same conduct with respect to making the payment necessary to renew the policy at the expiration of its one-year term.

### CONCLUSION

The trial court ruled correctly in granting American Concept's motion for summary judgment. There is no material dispute as to when plaintiffs' payment was mailed, which was clearly after the time it was due. As a matter of law, American Concept is not precluded, under the doctrine of waiver or estoppel, from asserting its right to refuse the untimely renewal payment and deny coverage for plaintiffs' accident. Accordingly, the judgment of the trial court is affirmed.

GARFF and BILLINGS, JJ., concur.